**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 104065

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Planet Pit, Inc., | |
| Defendant. | |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively referred to as "*Plaintiff*"), by and through its undersigned counsel, for their Complaint against Defendant Planet Pit, Inc. (hereinafter collectively referred to as "*Defendant*") states and alleges as follows:

### **INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which they license to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a website known as www.planetpit.com (the website is also referred to herein as the "*Website*") and, without permission or authorization

1

from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Websites without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 99th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Planet Pit, Inc. because while Planet Pit, Inc. maintains its principal place of business in Florida, it purposefully exploited the California market for its website and has a substantial California viewer-base for the website. Plaintiff's claim arises out of, or results from, Defendant's forum-related activities as the Infringements are on the same website that is targeting California residents. See *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011).

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Planet Pit, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

### I. Plaintiff

7. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

### II. Defendant

8. On information and belief, Defendant Planet Pit, Inc., is a Florida Limited Liability Company with a principal place of business in Miami-Dade County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

9. The Websites are popular and lucrative enterprises that purposefully display

celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

10. The Website is monetized in that it contains paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant profit from these activities.

11. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

12. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

13. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

14. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Websites.

15. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

16. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

17. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

18. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

19. Further, Defendant has the legal right and ability to control and limit the

infringing activities on their Websites and exercised and/or had the right and ability to exercise such right, which, on information and belief, is evidenced by the following:

    (a)    Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

20. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales. *17 U.S.C. §512(c)(1)(B).*

21. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

22. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

23. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

24. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

25. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

26. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

27. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

28. Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

29. On information and belief, thousands upon thousands of people has viewed the unlawful copies of the Photographs on the Website.

30. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

31. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

32. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

33. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

34. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members has continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

35. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

36. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue.

37. Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

38. As a direct and proximate result of Defendant's misconduct, Plaintiff has been

5

substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

### THIRD COUNT

*(Injunction Pursuant to 17 U.S.C. §502)*

39. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

40. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

### FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

41. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

42. Plaintiff requests, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

    b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d. Plaintiff's costs; together with

    e. Such other relief that the Court determines is just and proper.

DATED: February 9, 2015

                              **SANDERS LAW, PLLC**

                              By: _/s/ Craig B. Sanders_____
                                SANDERS LAW, PLLC
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 281-7601
                              csanders@sanderslawpllc.com

                              *Attorneys for Plaintiff*
                              File No.:104065